PER CURIAM.
I ;In this case, we are called upon to determine whether the district court erred in assessing 100% of the fault to defendants for an accident in which plaintiffs vehicle struck a stalled ambulance belonging to defendants. For the reasons that follow, we conclude the district court’s factual findings are manifestly erroneous, and therefore reverse the district court’s judgment.
FACTS AND PROCEDURAL HISTORY
On June 7, 2006, an ambulance belonging to Advanced Emergency Medical Services, Inc. (“Advanced”) was traveling southbound on Louisiana Highway 28, a four-lane highway in Plaquemines Parish. Due to transmission problems, the ambulance became disabled, and was parked on the shoulder of the highway.
At approximately 10:05 p.m. on the night of June 7, 2006, plaintiff, Jeryd Zito, was proceeding southbound in the right-hand lane of Highway 23 in a pickup truck. Plaintiffs truck struck the left rear corner and left side of the ambulance.
Subsequently, plaintiff filed the instant suit against Advanced and its insurer, Empire Indemnity Insurance Co. Plaintiff stipulated his damages from the accident did not exceed $50,000, and the case proceeded to a bench trial.
l2At trial, the district court received the deposition of the investigating officer, Louisiana State Trooper Henry Thompson, into evidence. Trooper Thompson, a fourteen-year veteran with the State Police, testified he investigated the accident, arriving at 10:10 p.m. From the skid marks left by the ambulance on the shoulder of the road, Trooper Thompson believed the ambulance was parked approximately five feet from the right travel lane. According to Trooper Thompson, the ambulance was covered in reflective tape, and he was able to see its reflection from approximately three to five-tenths of a mile away. Trooper Thompson observed no evidence at the scene to indicate plaintiff tried to brake prior the collision. Based on his investigation, Trooper Thompson issued plaintiff a citation for careless operation of a vehicle. Trooper Thompson also testified that plaintiff admitted to him he had reached over to place his cell phone on the *374 passenger seat of his vehicle, at which time he veered to the right and hit the ambulance.
Gary Jones, the president of Advanced, testified the company was based in North Louisiana, and was operating in Plaque-mines Parish pursuant to a state contract to assist in recovery efforts following Hurricanes Katrina and Rita. He stated the ambulance involved in the accident was one of the ambulances providing service under this contract. According to Mr. Jones, the ambulance developed transmission problems, and was moved to the side of the road a few hours before the accident. He also testified the ambulance was covered in Scotchlite, a reflective tape.
Plaintiff testified on his own behalf, stating that on the night of the accident he was headed southbound on Highway 23 to pick up a friend, and was traveling at approximately 60 to 65 miles per hour. He testified he never saw the ambulance until he hit it, and never saw any reflective tape on the ambulance. On direct examination, plaintiff testified that he had picked up his phone to call his friend, and hung up thelsphone immediately before the accident. However, on redirect, he stated he was not on his cell phone or reaching for it at the time of the accident. Plaintiff admitted he received a ticket for careless operation of a vehicle, and paid the ticket without contesting it.
Plaintiff also testified that on the date of the accident he was taking various prescription narcotic drugs (Valium, Lortab, and methadone) for a previous back injury, explaining that he last took his prescription medication the morning of the accident. Although amphetamines were found in plaintiffs blood analysis performed at the hospital immediately after the accident, plaintiff denied using amphetamines two to three days before the accident.
Michael Gauthier, a friend of plaintiffs family, testified for plaintiff. He reported that he was traveling southbound on Highway 23 shortly before plaintiffs accident. Mr. Gauthier stated he first saw the ambulance approximately 200 to 300 feet away. According to Mr. Gauthier, the ambulance was clearly visible when it came into view of his headlights, as it was marked with reflective tape and reflectors. Although he moved slightly over in the right lane when he passed the ambulance, he testified he was able to remain fully in the right-hand lane. He testified the ambulance was off the road, but close to or possibly on the white line.
At the conclusion of trial, the district court rendered judgment for plaintiff and against defendants in the amount of $50,000, plus costs and interest from the date of demand. In reasons for judgment, the district court stated:
This suit arises out of an accident that occurred on or about June 7, 2006, on Louisiana Highway 23 at approximately 10:05 p.m. Plaintiff was traveling south bound in the right lane of traffic when an ambulance, owed and registered to Advanced EMS, was stopped on the right side of the roadway disabled, without hazard lights or signals. The ambulance was not completely out of the travel lane. Just 23 minutes prior to the accident in question, Mr. Michael 14 Gauthier had to swerve to avoid hitting the unmarked ambulance. Mr. Gauthier also testified that the ambulance was blocking the right lane of travel with no flares or markers. Plaintiffs vehicle collided with the disabled ambulance, and both personal and property damages resulted.
The court finds that the ambulance owned and operated by Advanced EMS was negligently parked on the roadway and was solely liable for the accident in *375 question. The court also finds no comparative fault on the part of plaintiff. It is uncontested that there were no lights or signals in operation on the ambulance at the time of the accident. Louisiana Revised Statute 32:141 provides that a vehicle left unattended on any highway between sunset and sunrise shall display appropriate signal lights to warn approaching vehicles of its presence. The negligence of Advanced EMS resulted in the impact of the ambulance with plaintiffs truck, resulting in a severe accident in which the plaintiff suffered significant injuries.
Defendants appealed. The court of appeal affirmed in a split opinion. Zito v. Advanced Emergency Medical Services, 11-0218 (La.App. 4 Cir. 9/28/11), 72 So.3d 490 (not designated for publication). The majority concluded the district court’s factual findings were not manifestly erroneous. A dissenting judge disagreed with the majority, finding no reasonable review of the record supported the district court’s judgment, and concluding plaintiffs negligence alone caused the accident.
Upon defendants’ application, we granted certiorari to review the correctness of the judgments below. Zito v. Advanced Emergency Medical Services, Inc., 11-2382 (La.1/13/12), 77 So.3d 967. The sole issue presented for our consideration is whether the district was manifestly erroneous in finding the sole cause of the accident was defendants’ negligence.
DISCUSSION
It is well-settled in our jurisprudence that a reviewing court may not disturb the factual findings of the trier of fact in the absence of manifest error. Ardoin v. 5Firestone Polymers, L.L.C., 10-0245 at p. 6 (La.1/19/11), 56 So.3d 215, 219. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. at 882-883. However, where documents or objective evidence so contradict the witness’ story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’ story, the court of appeal may find manifest error or clear wrongness, even in a finding purportedly based upon a credibility determination. Id. at 882; Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, the district court found defendants’ negligence was predicated upon a violation of La. R.S. 32:141. This statute provides, in pertinent part:
Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway, [emphasis added]
In determining defendants breached their duty under this statute, the district court made a factual finding that “[t]he ambulance was not completely out of the travel lane.” Based on our review of the record, we conclude this factual finding is not reasonable in light of the record reviewed in its entirety.
*376 |fiIn making its factual finding, the district court relied entirely on the testimony of Mr. Gauthier, explaining Mr. Gauthier “had to swerve to avoid hitting the unmarked ambulance,” and he “testified that the ambulance was blocking the right lane of travel.... ” However, a careful review of the record indicates Mr. Gauthier never testified the ambulance was in the travel lane of the highway. Rather, he testified the ambulance was “sitting on the edge of the road,” and “was off the road, but really close on the line, if not on the line.” When asked on direct examination whether he needed to take any evasive action to avoid the ambulance, he testified “I just eased toward the middle, kind of swerved a little out; you know, just to make sure I didn’t hit it.” On cross-examination, he explained “when I saw the ambulance, I eased to the center, just to give myself more room.” In response to additional questioning, he clarified that he never actually left his lane of travel; rather, he simply moved closer to the center line of the two lanes of traffic on the southbound side of the highway. Clearly, nothing in this testimony supports the district' court’s conclusion that the ambulance “was blocking the right lane of travel....”[1]
Considered in its entirety, the evidence in the record indicates the cause of the accident was plaintiffs inattentiveness, rather than any negligence on the part of defendants. Both Trooper Thompson and Mr. Gauthier testified that the reflective tape on the ambulance was visible from a considerable distance. Plaintiffs own testimony on direct examination indicated he was using his cell phone immediately before the accident, causing him to become distracted. The conclusion that the accident was caused by plaintiffs inattentiveness is reinforced by Trooper 17Thompson’s investigation, which revealed there was no evidence at the scene to indicate plaintiff tried to brake prior the collision. It is also significant that Trooper Thompson cited plaintiff for reckless operation, and plaintiff did not dispute this citation.
In summary, based on the undisputed evidence, we conclude there is no reasonable interpretation of the record which could support the district court’s factual finding that defendants’ negligence was the cause of the accident. Rather, the evidence in the record clearly establishes the sole cause of the accident was plaintiffs inattentiveness.[2]
DECREE
For the reasons assigned, the judgment of the court of appeal affirming the district court’s judgment is reversed. Judgment is rendered in favor of Advanced Emergency Medical Services, Inc. and Empire Indemnity Insurance Co., dismissing plaintiffs suit with prejudice at his cost.
REVERSED AND RENDERED.
KNOLL, Justice, dissents and assigns reasons.

. The district court also placed emphasis on the failure of the ambulance to display appropriate signal lights under La. R.S. 32:141(C), which provides: "[t]he driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence” [emphasis added]. Because the evidence indicates the ambulance was not left on the traveled portion of the highway, this provision is inapplicable. Moreover, even assuming this provision applied, the testimony of Trooper Thompson and Mr. Gauthier establish the reflective tape and other reflective devices on the ambulance were sufficient to warn approaching traffic of its presence.

. Because of this conclusion, we pretermit discussion of defendants' remaining assignments of error.